[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Craig Duncan appeals the decision of the Commissioner of Motor Vehicles suspending his operator's license for ninety days pursuant to General Statutes 14-227b. The appeal is brought pursuant to 4-183. The appeal was originally filed in the Litchfield Judicial District, but it was transferred to this court on February 18, 1992. The court finds the issues in favor of the defendant Commissioner and Department of Motor Vehicles.
In his brief and at oral argument, the plaintiff has asserted a single basis for his appeal. He contends that there was insufficient evidence for the hearing officer to find that the police officer was legally entitled to stop the plaintiff prior to developing probable cause for his arrest on the drunk driving charge.
At the administrative hearing, the police officer and the plaintiff testified, and the police report of the plaintiff's arrest was made part of the record. The police officer testified that he observed the plaintiff operating his vehicle on Woodcreek Road in Bethlehem shortly after midnight on October 5, 1991. He testified that as he followed the vehicle it swerved suddenly from the travel lane to the right shoulder and then returned to the roadway. He then observed the vehicle, after stopping at a stop sign, turn on Judge Lane, where it twice veered to the right shoulder while the operator made hand signals to the police officer to pass. He testified that he considered the vehicle's operation in this fashion to be "erratic" and that it indicated to him that "something may have been amiss." He further testified that "[m]y experience as a police officer indicated to me that it could quite possibly be an intoxicated driver." Most of this testimony was adduced under vigorous cross examination by the plaintiff's attorney.
A police officer need not have probable cause to stop a motor vehicle. A brief investigatory stop is proper even in the absence of probable cause if the police have a "reasonable and articulable suspicion that a person has committed or is about to CT Page 6148 commit a crime." State v. Lamme, 216 Conn. 172, 184 (190). In this case, the evidence in the record, as summarized above, was sufficient for the hearing officer to determine that the police officer had the requisite reasonable and articulable suspicion of wrongdoing to stop the plaintiff for further investigation. "Judicial review of the commissioner's action . . . is very restricted . . . The credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency, and, if there is evidence . . . which reasonably supports the decision of the commissioner, (the court) cannot disturb the conclusion reached by him." Lawrence v. Kozlowski, 171 Conn. 705 (1976). The plaintiff points to a statement made by the hearing officer at the administrative hearing to the effect that she was not required to make any factual finding concerning the legality of the investigatory stop of the plaintiff by the police. Therefore, he argues, the hearing officer's decision on the whole probable cause issue was defective, citing Field v. Goldberg, No. 702004 (Hartford J.D., December 19, 1991). In Field, however, the court found that there was a lack of sufficient evidence in the record which would ever have supported a finding that the stop was lawful. In this case, by contrast, the court finds that there is evidence which would support the necessary finding. That is sufficient.
For all of the reasons set forth above, the appeal is dismissed.
Maloney, J.